IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUSTAVE LINK,

    Plaintiff,

  v.

JERRY BROWN, et al.,

    Defendants
                             /

No. C-09-1912 MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION**

The Court is in receipt of plaintiff's "Motion for Disqualification of Maxine M. Chesney, US Dist. Judge for Personal Bias & Prejudice Against Plaintiff Under US Code Title 28, Sec. 144 and 455," filed June 11, 2009.  Having read and considered the motion, the Court rules as follows.

First, having reviewed the matter, the Court finds no basis exists for recusal pursuant to § 455.  Second, plaintiff's conclusory affidavit submitted in support of his request for recusal under § 144 (see Affidavit ¶ 7) is insufficient as a matter of law, in that it is based in part on speculation and in part on a judicial ruling.  See Grimes v. United States., 396 F.2d 331, 333 (9th Cir. 1968) (holding district court properly denied motion under § 144 where movant's affidavit lacked "[d]etail of definite time and place and character"; stating such "detail" is "absolute necessity" to support motion under § 144); United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980) (finding "legally insufficient"

affidavit in support of motion under § 144, where affidavit was "devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source"). Moreover, to the extent it is premised on such ruling – the alleged refusal to grant plaintiff's motion for an extension of time to file opposition to defendants' motions to dismiss – the instant motion is not only legally deficient, see id. (holding bias must stem from "extrajudicial source"), the motion is factually incorrect, as the Court granted plaintiff's motion for an extension of time before the instant motion for disqualification was filed.  (See Document No. 19.)

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  June 18, 2009

MAXINE M. CHESNEY
United States District Judge