IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVE LINK,<br><br>    Plaintiff,<br><br>  v.<br><br>JERRY BROWN, et al.,<br><br>    Defendants | No. C-09-1912 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

    Before the Court are two motions: (1) defendants John C. Duncan ("Duncan") and John W. Cumming's ("Cumming") motion to dismiss, filed May 20, 2009; and (2) defendants Edmund G. Brown, Jr. ("Brown"), Julian Standen ("Standen"), Anne Quick ("Quick"), Les DenHerder ("DenHerder"), Carl Goff ("Goff"), and Diana Kimble's ("Kimble") motion to dismiss, filed May 21, 2009. Plaintiff Gustave Link ("Link") has filed opposition,[1] to which defendants Brown, Standen, Quick, DenHerder, Goff, and Kimble have replied.[2] Thereafter, on July 27, 2009, Link filed a "closing brief."[3] Having read and considered the

---

[1] On June 15, 2009, Link filed an opposition brief addressing both motions, and, on June 24, 2009, Link filed a second opposition, again addressing both motions. The Court has considered each of Link's filings.

[2] Defendants Duncan and Cumming have not filed a reply.

[3] Link did not seek, let alone obtain, leave to file his closing brief. See Civil L.R. 7-3(d) (providing "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval). Accordingly, the closing brief is hereby STRICKEN. The Court notes, however, that consideration of the closing brief would not alter the findings made herein.

papers filed in support of and in opposition to the motions, the Court rules as follows.[4]

**BACKGROUND**

In his complaint, Link alleges that, beginning in August 2001, he was "indentured as an apprentice for piledrivers Local #34 at the Carpenters Training Center" ("CTC"), and was "in good standing with both the apprentice school and piledriver's Local #34." (See Compl. ¶ 22.) According to Link, such "good relationship . . . started to deteriorate rapidly" after Link began "to advocate for the rank & file members at the new Bay Bridge project" and to criticize union officials for "failing to collectively bargain with [a general contractor] as it pertained to safety." (See Compl. ¶¶ 22, 25.) On July or August 2005, Link's "apprenticeship status" was "cancelled" by the CTC (see Compl. ¶¶ 33-36, Ex. 10), and, in November 2005, the CTC, after conducting a hearing on Link's request to reconsider the cancellation, issued a decision upholding the cancellation (see Compl. ¶¶ 37-39).

In November 2005, Link filed a complaint with the Department of Industrial Relations ("DIR") (see Compl. ¶ 40, Ex. 14), in which complaint Link alleged the CTC had "insisted on continuing on their path of retaliatory actions against [Link] for criticizing the union officials and the apprenticeship school for their mistakes and shortcomings" (see Compl. Ex. 14). The matter was assigned to defendant Cumming, a hearing officer (see Compl. ¶ 41), who, on May 17, 2007, conducted a hearing on the matter (see Compl. Ex. 22).

On September 27, 2007, defendant Duncan, in his capacity as Administrator of Apprenticeship ("Administrator"), issued a Decision "upholding the cancellation of Link's apprenticeship agreement," finding, based on the record before Cumming, there was no evidence the cancellation was due to discrimination or retaliation against Link. (See Compl. Ex. 23.)

On October 15, 2007, Link filed an appeal of the Administrator's Decision to the California Apprenticeship Council ("CAC"). (See id.) By letter dated January 18, 2008, Julian, a Deputy Attorney General, enclosed for Link's review a "decision that the panel

---

[4] By order filed July 27, 2009, the Court took the motions under submission.

assigned to [the appeal] will recommend for adoption by the [CAC]," and advised Link that a hearing on the matter had been scheduled for January 24, 2008. (See Compl. Ex. 26.) The proposed decision, which had been proposed by a panel consisting of defendants DenHerder, Goff, and Kimble, recommended the CAC "adopt[ ] the Administrator's factual findings and legal conclusions in their entirety" and uphold the September 27, 2007 Decision. (See id.) On January 25, 2008, the CAC issued the decision proposed by the panel (see Compl. Ex. 28); the CAC's decision was signed by defendant Quick, in her capacity as Chair of CAC (see id.).

In the instant complaint, Link alleges that defendants, by affirming CTC's cancellation of his apprenticeship agreement, violated 42 U.S.C. §§ 1983 and 1985(3), the Racketeer Influenced and Corrupt Organization Act ("RICO"), the Americans with Disabilities Act ("ADA"), and § 12940(a) of the California Government Code ("FEHA").

**DISCUSSION**

Under state law, a party who, as here, alleges a "violation of the terms of an apprentice agreement" may file a complaint with the Administrator. See Cal. Labor Code § 3081. Where, as here, the Administrator does not dismiss the complaint, the Administrator must "hold a hearing" in accordance with certain procedures set forth in the California Code of Regulations; specifically, the Administrator must give notice of the "time and place of the hearing," must afford the parties the "opportunity to present evidence and oral or written arguments in support of their positions," must require all witnesses to "testify under oath," and must have a "[f]ull transcript of the hearing" be taken by a "qualified person." See Cal. Code Regs., tit. 8, § 202(b). The Administrator may designate a hearing officer to conduct the hearing, in which case the hearing officer must submit to the Administrator the "entire record of the hearing together with his/her written recommendations," whereupon the Administrator must "read the record and the written recommendations before deciding on the complaint." See Cal. Code Regs., tit. 8, § 202(c).

A decision by the Administrator may be appealed to the CAC. See Cal. Labor Code § 3082. Upon the filing of such appeal, the Chair of the CAC must appoint three members

of the CAC to act as an "appeal board and decide the appeal." See Cal. Code Regs., tit. 8, § 203(a)(1); see also Southern California Chapter v. California Apprenticeship Council, 4 Cal. 4th 422, 434 (1992) (referring to three-member appeal board as "panel"). The hearing on the appeal is "limited to a review of the record before the Administrator [ ] and to oral or written arguments by interested parties to the appeal." See Cal. Code Regs., tit. 8, § 203(a)(4). The three-member panel must "submit a written report to the [CAC] summarizing the evidence, findings of fact, and recommended decision," and the CAC must then "take appropriate action on the recommended decision." See Cal. Code Regs., tit. 8, § 203(a)(5).[5]

As discussed above, Link alleges herein that he filed a complaint with the Administrator, wherein he set forth his dispute with the CTC regarding his rights under an apprenticeship agreement, that the Administrator, after reviewing the record compiled by a hearing officer, upheld the CTC's determination, and that Link thereafter filed an appeal with the CAC, which adopted the recommendation of an appeal board to uphold the Administrator's decision.

In his complaint, Link does not seek an order reversing the CAC's decision. Rather, Link seeks to recover an award of damages from defendants, each of whom has been sued both in an official and individual capacity.

In their respective motions, defendants argue that Link's claims are subject to dismissal for a number of reasons.[6]

//
//
//

---

[5] A plaintiff may seek judicial review of the CAC's decision in a California state court. See Cal. Code Civ. Proc. § 1094.5. Link does not allege he has sought such review.

[6] Defendants, in their respective motions, alternatively request that the Court order Link to file a more definite statement. As discussed below, the Court will dismiss Link's complaint. Accordingly, the Court finds it unnecessary to decide whether Link should be required to file a more definite statement.

4

**A. Section 1983/1985(3) Claims**

Link alleges defendants violated 42 U.S.C. §§ 1983 and 1985(3) by depriving him of his First Amendment and Due Process rights, by the manner in which the hearings were conducted.

To the extent Link alleges §§ 1983 and 1985(3) claims against defendants in their official capacity, defendants argue the claims are barred by the Eleventh Amendment and, consequently, are subject to dismissal. The Court agrees. See Production & Leasing, Ltd. v. Hotel Conquistador, Inc., 709 F.2d 21, 21-22 (9th Cir. 1983) (holding Eleventh Amendment bars claims under § 1983 and § 1985(3), when brought against state employee in his official capacity).

To the extent Link alleges the following defendants are sued under §§ 1983 and 1985(3) in their individual capacities, (1) Cumming, the hearing officer, who conducted a hearing on the appeal filed with the DIR, (2) Duncan, the Administrator, who rendered a decision on the appeal filed with the DIR, (3) DenHerder, Goff, and Kimble, the three-member appeal board, who heard the appeal filed with the CAC and submitted a recommendation thereon to the CAC, and (4) Quick, the Chair of the CAC, who adopted the appeal board's recommendation, defendants argue the claims are subject to dismissal, for the reason said defendants are entitled to absolute immunity. The Court agrees. Specifically, state "agency representatives performing functions analogous to those of a . . . judge" are entitled to absolute immunity from damages suits, see Olsen v. Idaho State Board of Medicine, 363 F.3d 916, 923 (9th Cir. 2004), and, under the state regulations governing resolutions of appeals filed with the DIR and CAC, the DIR hearing officer, the Administrator, the three-member appeal board, and the CAC all perform "judge-like functions." See Cal. Code Regs., tit. 8, §§ 201-03; see also Hydrostorage, Inc. v. Northern California Boilermakers Local Joint Apprenticeship Committee, 891 F.2d 719, 723 (9th Cir.

//
//
//

5

1989) (setting forth details of administrative proceedings conducted by DIR and CAC).[7]

To the extent Link alleges §§ 1983 and 1985(3) claims against Standen, who is a deputy attorney general, and Brown, the Attorney General, in their individual capacities, defendants argue such claims are subject to dismissal because Link fails to allege facts to support a finding that either Standen or Brown violated either § 1983 or § 1985(3).  The Court again agrees.  With respect to Standen, the only fact alleged against him is that he sent to all parties to Link's appeal, including Link, a notice advising the parties that attached thereto was a decision being proposed to the CAC by an appeal board, and providing the parties with notice of the date and time at which the CAC would consider the matter (see Compl. ¶ 53, Ex. 26); the complaint does not allege any facts specific to Brown's having participated in any manner in the resolution of Link's DIR complaint and/or CAC appeal.  Although the complaint does include assertions that Standen and Brown engaged in "misfeasance, malfeasance & nonfeasance" (see Compl. ¶ 61) and "aided and abetted and provided material support to [the other defendants]," such conclusory allegations are insufficient as a matter of law to state a claim, see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (holding complaint alleging "unadorned, the-defendant-unlawfully-harmed-me accusation" insufficient to state claim; noting, to avoid dismissal, plaintiff must allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face").

Accordingly, Link's claims under §§ 1983 and 1985(3) are, in their entirety, subject to dismissal.

//

---

[7] Indeed, the complaint itself, along with the exhibits attached thereto, describes various tasks performed by said defendants that are in all material respects analogous to those performed by a judge.  (See, e.g., Compl. ¶ 41-48 (alleging hearing officer Cumming presided over "pre-hearing conference" and "hearing" on Link's complaint filed with DIR, and, in course thereof, ruled on requests and motions filed by parties thereto); Compl. ¶ 49, Ex. 23 ("Decision of the Administrator of Apprenticeship," authored by Administrator Duncan, resolving merits of Link's complaint); Compl. Ex. 26 (proposed "Notice of Decision on Appeal," authored by DenHerder, Goff, and Kimble, members of appeal board assigned to Link's appeal from Administrator's decision); Compl. Ex. 28 ("Notice of Decision on Appeal," signed by Quick, as Chair of CAC).)

**B. RICO**

Link alleges defendants violated RICO by conspiring to deprive Link of property through "mail fraud and other discoverable means." (See Compl. ¶ 73.)

To the extent Link brings his RICO claim against each defendant in his/her official capacity, defendants argue the claim is subject to dismissal for the reason it is barred by the Eleventh Amendment. The Court agrees. See Production & Leasing, 709 F.2d at 21-22 (holding Eleventh Amendment bars claims under RICO when brought against state employee in his official capacity). Moreover, Link cannot bring a RICO claim against government entities. See Lancaster Community Hospital v. Antelope Valley Hospital District, 940 F.2d 397, 404 (9th Cir. 1991) (holding RICO claims against "government entities" are subject to dismissal).

To the extent Link alleges a RICO claim against Cumming, Duncan, DenHerder, Goff, Kimble, and Quick in their individual capacities, defendants argue the claim is subject to dismissal for the reason said defendants are entitled to absolute immunity. The Court, for the reasons stated above with respect to Link's §§ 1983 and 1985(3) claims, agrees.

Moreover, as to each of the above-referenced defendants, and to the extent the RICO claim is brought against Standen and Brown, the RICO claim is subject to dismissal because, as defendants correctly argue, Link fails to allege any facts to support a finding that any of said defendants has violated RICO. In particular, Link fails to allege any facts showing defendants engaged in a "'pattern of racketeering activity," see Clark v. Time Warner Cable, 523 F.3d 1110, 1116 (9th Cir. 2008) (dismissing RICO claim, where plaintiff failed to adequately plead defendants engaged in pattern of racketeering activity), and Link's conclusory reference to "mail fraud" is insufficient as a matter of law, see Iqbal, 129 S. Ct. at 1949.

Accordingly, Link's RICO claim, in its entirety, is subject to dismissal.

//
//
//

7

**C. ADA**

Link alleges defendants deprived him of his rights under the ADA. (See Compl. ¶¶ 70, 71.)

Defendants argue Link has failed to allege any facts to support an ADA claim. The Court agrees.[8] Although the complaint alleges that CTC officials did not provide Link with "reasonable accommodations" (see, e.g., Compl. ¶ 37), Link fails to allege that the DIR and/or the CAC engaged in any act that violated the ADA, see 42 U.S.C. § 12132. Link's conclusory assertion that "DIR/CAC officials' decision to terminate [Link] from Apprentice program violated the [ ] ADA" (see Compl. at 27:18-20) is insufficient as a matter of law to state a claim. See Iqbal, 129 S. Ct. at 1949.

Moreover, to the extent Link alleges an ADA claim against any of the defendants in his/her individual capacity, the claim is subject to dismissal, because, as defendants have shown, the ADA does not "provide[ ] for individual capacity suits against state officials." See Garcia v. S.U.N.Y. Health Sciences Center, 280 F.3d 98, 107 (2d Cir. 2001); cf. Vinson v. Thomas, 288 F.3d 1145, 1148, 55-56 (9th Cir. 2002) (holding plaintiff "may not pursue a section 1983 claim against [state official] in her individual capacity for her alleged violation of [ ] the ADA").

Accordingly, Link's ADA claim, in its entirety, is subject to dismissal.

//
//
//
//
//

---

[8] To the extent defendants seek dismissal of the ADA claim on Eleventh Amendment grounds or for failure to exhaust administrative remedies, however, defendants have failed to show they are entitled to dismissal. See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791, 792 (9th Cir. 2004) (holding "the State is not entitled to Eleventh Amendment immunity under Title II of the ADA"); Bogovich v. Sandoval, 189 F.3d 999, 1002 (9th Cir. 1999) ("There is no exhaustion requirement for claims brought under Title II of the ADA.").

8

**D. FEHA**

Link alleges defendants violated FEHA, specifically, § 12940(a) of the California Government Code, by "affirming the decision" of the CTC to terminate the apprenticeship agreement. (See Compl. at 25:5-8.)

Section 12940 pertains to "unlawful employment practice[s]." See Cal. Gov't Code § 12940. Subsection (a), the provision on which Link relies, provides that it is unlawful for "an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." See Cal. Gov't Code § 12940(a). Section 12940(a) is wholly inapplicable to Link's claims alleged against the named defendants, because, as defendants correctly observe, Link does not allege that any defendant is or was Link's "employer." Consequently, Link's FEHA claim is subject to dismissal for failure to state a claim.

Even assuming, arguendo, that any defendant is or was Link's "employer," the FEHA claim is subject to dismissal because, as defendants point out, such claim must be exhausted, see Rojo v. Kliger, 52 Cal. 3d 65, 88 (1988) (1990) (holding "an employee must exhaust the FEHA administrative remedy before bringing suit on a cause of action under [FEHA] or seeking the relief provided therein"), and Link has failed to allege he exhausted his administrative remedies prior to filing the instant complaint.

Accordingly, Link's FEHA claim is, in its entirety, subject to dismissal.

**E. Leave To Amend**

Link, in his opposition briefs, does not identify any additional allegations he could make to state a claim under any of the statutes upon which his claims are based. Nonetheless, the Court will afford Link an opportunity to amend to cure, to the extent he can, the above-discussed deficiencies.

**CONCLUSION**

For the reasons stated above, defendants' motions to dismiss are hereby GRANTED, and the complaint is hereby DISMISSED with leave to amend.

Any First Amended Complaint shall be filed no later than August 21, 2009.

The Case Management Conference is hereby CONTINUED from August 21, 2009 to November 6, 2009; a Joint Case Management Statement shall be filed no later than October 30, 2009.

**IT IS SO ORDERED.**

Dated: August 4, 2009

_____
MAXINE M. CHESNEY
United States District Judge